21-2541-cv
Servello v. New York State Office of Children and Family Services

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

Matthew Servello,

        *Plaintiff-Appellant*,

    v.                                                   21-2541

New York State Office of Children and Family Services,

        *Defendant-Appellee*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Matthew Servello, *pro se*, Gloversville, NY. |
| **FOR DEFENDANT-APPELLEE:** | Laura Etlinger, Assistant Solicitor General, Andrea Oser, Deputy Solicitor General, and Barbara D. Underwood, Solicitor General, *for* Letitia James, |

Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Matthew Servello, proceeding *pro se* on appeal, sued his former employer—the New York State Office of Children and Family Services ("OCFS")—alleging, among other things, unlawful retaliation for making complaints related to his title and pay. Servello raised the claims relevant to this appeal under Title VII of the Civil Rights Act of 1964 ("Title VII," 42 U.S.C. § 2000e-3(a)) and the Equal Pay Act (29 U.S.C. §§ 206(d), 215(a)(3)). The district court dismissed Servello's complaint in part, then granted OCFS's motion for summary judgment on Servello's remaining claims and denied his motion for leave to amend his complaint. Servello timely appealed; his brief, which we liberally construe, challenges only the summary judgment ruling. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

This Court reviews orders granting summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Gorzynski v.*

2

*JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (cleaned up). "[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Saeli v. Chautauqua Cnty., NY*, 36 F.4th 445, 457 (2d Cir. 2022) (cleaned up).

Servello's retaliation claims are evaluated under the *McDonnell Douglas* burden-shifting framework. *See Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107, 112 (2d Cir. 2019) (Title VII); *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010) (Equal Pay Act). Under this framework, if a plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-retaliatory reason for its action. *Lenzi*, 944 F.3d at 107–08. The plaintiff then must show that the offered justification is pretext for retaliation. *Id.* at 108.

The district court skipped to the final step in the *McDonnell Douglas* analysis based on OCFS's articulation of a legitimate, nondiscriminatory reason for Servello's termination: namely, ongoing problems with his work performance and unprofessional conduct. *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 188 (2d Cir. 2006) (declining to resolve a dispute regarding establishment of prima facie case of age discrimination because plaintiff had not "pointed to any record evidence to dispute [the defendant's] legitimate reason . . . for the alleged adverse employment action"); *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001) (same). And the district court correctly found that Servello failed to establish that OCFS's proffered reasons for terminating him were mere pretext for unlawful retaliation.

OCFS provided numerous declarations, probation reports, and evaluations to justify its termination of Servello because of his workplace performance and conduct. Servello relied on three pieces of evidence to support his argument that these reasons were pretextual: disparate treatment between himself and two female employees, testimony about his adequate job

3

performance, and a "smoking gun" email from Servello's supervisor that mentioned his initial complaints about his trainee designation.

None of these shows that OCFS's reasons for terminating Servello were pretextual. First, the record does not establish that the performance or conduct of the two female employees was comparable to that of Servello, so he could not rely on them to establish pretext. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493–94 (2d Cir. 2010). In addition, the testimony and the "smoking gun" email both actually support OCFS's reasons for terminating Servello, namely, his poor performance and unprofessional conduct. The record does not establish a genuine issue of material fact suggesting that the termination was an impermissible retaliatory firing instead of being based on Servello's unprofessional conduct. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) (requiring "but-for" causation in Title VII retaliation claims). Accordingly, the district court correctly granted the motion for summary judgment.

We have considered Servello's remaining arguments and find them to be unavailing or without merit. For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4